The opinion of the court was delivered by
Marr, J.
The accused has appealed from a judgment sentencing him to imprisonment, at hard labor; in the penitentiary, for ten years, for shooting one Charles Secious, with a dangerous weapon, with intent to commit murder. He relies upon the objections taken on the trial to the rulings of the District Court, two of which are set forth in bills of exception. The other is not brought to our notice otherwise than as stated in the following extract from thfe minutes, copied into the transcript :
“Frederick Secious being cross-examined, the District Attorney, on the part of the State, objected to a question put by counsel for defend *805 ant, which objection was sustained by the court'under the following ruling: ‘ A collision between two mules on the street does not justify the shooting of the driver.’ To which ruling of the court counsel for defendant reserved a bill of exceptions. The court continued its ruling as follows: 'I do not think it necessary in a charge of shooting with a dangerous weapon, with intent to commit ■ murder, to show how mule teams collided. They may have collided by design, or they may have collided by accident. In either case the testimony is immaterial and irrelevant.’ ”
This is all that appears in the transcript in reference to this testimony ; and if all that is thus stated had been set forth in a formal bill of exceptions, it is probable that we should have affirmed the ruling of the District Court, more especially since there is nothing in the transcript to show that accused was the owner or the driver, or that he was connected with or interested in either of the teams, or that any right or property of his was injured or impaired by the collision, or that the collision occurred by the fault of the person shot. In the case of the State vs. Jessie, 30 A. 1171, we decided that the act of 1877, p. 176, amending art. 488 of the Code of Practice, so as to dispense with formal bills of exception where the points reserved are taken down by the reporter or the clerk, is not applicable to criminal prosecutions. We can not review or pass upon the ruling of the District Court in criminal cases, whether in receiving or in rejecting testimony, except where the objections and ruling are set forth in a formal bill of exceptions.
It appears by the first bill of exceptions that counsel for the accused objected to testimony offered by the District Attorney, and received by the court, to prove that the accused fled, and was a fugitive from justice when he was first seen by the witness, a sergeant of the police, about a month after the alleged shooting, The statement by the court, before signing the bill is, that “evidence that the defendant had fled from justice after arrest for the crime charged, is admissible.”
In the case of the State vs. Beatty, 30 A. 1267, we decided that proof was admissible that a person charged with the crime of murder •attempted to escape from prison a few days before the trial. Proof that the accused actually escaped, and fled from justice, after arrest for the crime charged, is equally admissible. The effect of such testimony will depend on the surrounding circumstances ; and it must be determined by the jury.
The second bill of exceptions is to the refusal of the court to permit the voluntary declaration of the accused to be read to the j ury. In the State vs. Vandegraff, 23 A. 96, our predecessors decided that the iaw, R. S. secs. 1010, 2058, which makes the voluntary declaration of the accused, received- by the committing magistrate, evidence before the *806 grand and petit jury, does not make it evidence in his favor, or authorize him to introduce it on the trial. In the State vs. Toby, decided in March last, No. 7100 of the docket, a majority of this court, after full discussion and careful consideration, held this to be the correct interpretation of the legislative will. The question must be regarded as settled by these decisions; and we accept them as final.
The judgment appealed from is, therefore, affirmed with costs.
Mr. Justice .DeBlanc adheres to the views expressed in his dissenting opinion in the case of the State vs. Toby.